

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Clifford S. Roe
County Attorney
Panola County
Carthage, Texas

Dear Sir:

Opinion No. O-4417
Re: Construction of Section 7 of
Article 3912e, V. A. C. S.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"As County Attorney for Panola County, Texas, I submit to you the following question or questions for your earliest consideration.

"Section 7 of Article 3912e, Title 61, of Vernon's Annotated Revised Civil Statutes reads as follows:

"'Sec. 7. All monies drawn from said Officers' Salary Fund or funds shall be paid out only on warrants approved by the county auditor in counties having a county auditor; otherwise all claims against said fund shall first have been audited and approved by the Commissioners' Court of said county and the monies shall be disbursed on such approved claims by warrants drawn by the county treasurer on said fund.

"'No warrant shall be drawn on said fund or funds in favor of any person indebted to the State, county or to said fund or in favor of his agent or assignee until such debt is paid.'

"Please advise me if either a county official or a county employee whose salary is authorized to be paid from the Officers' Salary Fund is entitled to receive compensation if

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



said official or employee is indebted to either the State or county as provided in Section 7 or the so called 'Officers' Salary Law'.

"If you should find that a county official or employee who is indebted to the State or county is not entitled to receive compensation from the Officers' Salary Fund until said indebtedness has been paid, then please advise me if deliquent taxes are considered as indebtedness against the State or county if said county official or employee has been notified in writing of the amount which is due the State or county in diliquent taxes.

"The laws of the State of Texas provide the manner in which County Tax Collector-Assesors may send out notices to individuals when their taxes are due. This in my opinion is a direct acknowledgement of a debt which is due the State or county by an individual, and I hope that you will so construe this particular Act of the Legislature so as to include deliquent taxes as evidence of indebtedness against the State and county; and that any county official or employee who has been authorized to receive compensation from the Officers' Salary Fund may not receive same if he has failed to pay deliquent taxes which he owes either to the State or county."

Section 7 of Article 3912e, Vernon's Annotated Texas Civil Statutes, reads as follows:

"Sec. 7. All monies drawn from said Officers' Salary Fund or funds shall be paid out only on warrants approved by the county auditor in counties having a county auditor; otherwise all claims against said fund shall first have been audited and approved by the Commissioners' Court of said county and the monies shall be disbursed on such approved claims by warrants drawn by the county treasurer on said fund.

"No warrant shall be drawn on said fund or funds in favor of any person indebted to the State, county or to said fund or in favor of his agent or assignee until such debt is paid."

We quote from 61 Corpus Chris, pages 76-1-2 and 3, as follows:

"( | 4)  2.  Taxes not debts.  As the obligation to pay taxes does not rest on any contract express or implied, or upon the consent of the taxpayer, a tax is not a debt in the ordinary sense of that word; although it is a liability or obligation and may be a debt under a particular statute, or in the higher or enlarged sense of the word 'debt', as embracing any kind of a just demand, and in some jurisdictions a tax is held to be nothing more than a debt due by the citizen to the taxing power.  The obligation to pay taxes not being contractual, it follows that taxes are not assignable as ordinary debts, unless it is expressly so provided, nor are they the subject of set off between the taxpayer and the state or municipality, nor do they draw interest like ordinary obligations, save where the statute so declares.  It is, however, the individual and not the property which pays the tax, although the property is resorted to for the purpose of ascertaining the amount of the tax and for the purpose of enforcing its payment where the owner makes default.  But it has been held that this distinction is too refined for any practicable purpose."

We quote from 61 Corpus Juris, page 963, as follows:

"( | 1239 ) (2)  Set-off or counterclaim - as a tax is not a debt in the ordinary sense, nor the liability for it founded upon contract, it cannot, unless the statute so provides, be paid or discharged by setting off or counterclaiming against it a debt due from the municipality to the individual taxpayer, and still less of course, a debt due from the collector of taxes in his private capacity.  . . ."

It is our opinion that the term "debt" used in Section 7 of Article 3912e, V. A. C. S., supra, should be construed so as to give it its usual and ordinary meaning.

It is our further opinion that delinquent taxes due the county and state should not be construed as indebtedness to the state or county under said Section 7 of the above quoted statute. This construction of the statute has been heretofore adopted by this department. See opinion dated August 30, 1938, written by Hon. R. E. Gray, Assistant Attorney General, and recorded in Vol. 382, p. 896, Letter Opinions of the Attorney General of Texas, a copy of which is enclosed herewith for your information.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:GO

ENCLOSURE

APPROVED FEB 20, 1942

ATTORNEY GENERAL OF TEXAS

